IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CLYDE THOMAS JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | Division: |
| BMS HOLDINGS, INC. ) | |
| d/b/a WINCO WINDOW COMPANY ) | **JURY TRIAL DEMANDED** |
| ) | |
| To be served at: ) | |
| ) | |
| 6200 Maple Ave. ) | |
| University City, MO 63130 ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW Plaintiff Clyde Thomas Jr., by and through his undersigned attorney, and for his First Amended Petition states as follows:

1. Plaintiff is, and was at all times relevant herein, a resident of St. Louis County, State of Missouri, and an individual over the age of 21 years.

2. Defendant BMS Holdings, Inc. (hereinafter "Winco Window Company") is, and was at all times relevant herein, a corporation licensed to do business in St. Louis County, State of Missouri.

3. Venue is proper in St. Louis County, because that is the location in which the Defendant company resides.

Facts Applicable to All Counts

4. On August 17, 2020, Plaintiff Thomas began working for Defendant Winco Window Company as a window maker.

5. Since the beginning of his employment with Winco Window Company, Thomas had faced severe harassment and degradation from his supervisor Jesse Barton. On frequent

occasions, Barton would call Thomas derogatory names, such as a dumb mother f*cker and a dumb n*gger, and throw tools around in anger. This especially occurred whenever Thomas would ask Barton to clarify or repeat an instruction that was given to him.

6. Barton did not act this berate to or highly criticize white employees the way he did to Thomas, from work performance and satisfaction to taking breaks or eating on the job.

7. During a group meeting on October 6, 2020, Barton began yelling at Thomas, calling him the worst employee. On that day, Plaintiff Thomas decided to file a three-page report to human resources, describing the disrespectful and harsh treatment by Barton and his use of racial and derogatory comments at Thomas. Upon receipt of Thomas' report, the HR department spoke with Barton about the conduct that Thomas described.

8. Since that incident, Barton became increasingly hostile and harassing toward Plaintiff Thomas. He was under the impression that his demeanor was in retaliation of his complaint with HR.

9. On October 16, 2020, Plaintiff Thomas requested from HR a copy of the complaint that he made back ten days prior.

10. On October 19, 2020, when Plaintiff Thomas returned to work, he was demoted to maintenance worker, which consisted mostly of janitorial work.

11. On December 7, 2020, Plaintiff Thomas filed a discrimination complaint with the Missouri Commission of Human Rights (MHRC). See Exhibit A, Complaint to Missouri Commission on Human Rights. Thomas's harassment became worse than before afterward.

12. On May 7, 2021, Plaintiff resigned from Winco Window Company, upon discovering that his request for short-term disability was denied and that other employees were granted wage increases.

13. On September 20, 2021, District Director Lloyd J. Vasquez Jr. of the Equal Employment Opportunity Commission (EEOC), on the behalf of EEOC Representative Joseph J. Wilson, issued a Right to Sue Letter. See Exhibit B, Right to Sue Letter.

14. On December 14, 2021, Executive Director Alisa Warren of the MHRC issued their Right to Sue Letter. See Exhibit C, Missouri Commission of Human Rights Right to Sue Letter.

### COUNT I: EMPLOYMENT DISCRIMINATION – TITLE VII

COMES NOW Plaintiff Clyde Thomas, and for his claim of employment discrimination states as follows:

15. Plaintiff adopts and reincorporates all above paragraphs of this Petition here again. Title VII of the Civil Rights Act of 1964, outlaws discrimination based on race, color, religion, sex, national origin, and later sexual orientation and gender identity. It prohibits unequal application of voter registration requirements, racial segregation in schools and public accommodations, and employment discrimination.

16. Racial discrimination can occur when:

   a. An employer discriminates against an employee on the basis of their race or color during any type of employment decision in any way.

   b. An employer who pays one employee more than another employee of a different race, who is in the same position with comparable experience.

   c. An employer who exhibits harassing behavior, such as racial slurs or making other derogatory comments about the employee's race or skin color.

17. Plaintiff Thomas is an African-American male and was, during all relevant times aforementioned in this petition, a minority male.

18. Plaintiff Thomas was discriminated against in that Defendant Winco Window Company had:

    a. Failed to conduct measures in the prevention of Jesse Barton's hostility and his racial and derogatory remarks toward Plaintiff's.

    b. Denied Plaintiff's requests for certain benefits, while granting those for other employees (including those in a comparable position as Plaintiff).

    c. Demoting Plaintiff into a janitorial role, in retaliation of him filing his complaint of discrimination.

    d. Promoting and facilitating a toxic work culture that discriminates against minorities through various means and neglects concern for their mental and physical health.

19. Plaintiff Thomas suffered damages as a result of this discriminatory conduct. Additionally, Plaintiff Thomas suffered wage loss, severe emotional distress, and a long period of unemployment.

20. Defendant Winco Window Company's conduct in constructively terminating Plaintiff due to his race, national origin, and gender was willful and harmed Plaintiff without just cause.

WHEREFORE Plaintiff Thomas requests humbly that the Court enter judgement in his favor, and set the case for trial by jury to assess damages arising from the discriminatory conduct of Defendant Winco Window Company, attorneys fees, punitive damages, and for any other relief as may be just and proper under the circumstances.

Electronically Filed - St Louis County - December 14, 2021 - 05:31 PM

Electronically Filed - St Louis County - December 14, 2021 - 05:31 PM

## COUNT II: EMPLOYMENT DISCRIMINATION – MHRA

COMES NOW Plaintiff Clyde Thomas, and for his claim of employment discrimination, under Mo. Rev. Stat. § 213.010, states as follows:

21. Plaintiff adopts and reincorporates all above paragraphs of this Petition here again.

22. The Missouri Human Rights Act (MHRA) prohibits makes it illegal to discriminate in any aspect of employment because of an individual's race, color, religion, national origin, ancestry, sex, disability or age (40 through 69), including:

    a. Hiring and firing;

    b. Compensation, assignment, or classification of employees;

    c. Transfer, promotion, layoff, or recall;

    d. Job advertisements;

    e. Recruitment;

    f. Testing;

    g. Use of company facilities;

    h. Training and apprenticeship programs;

    i. Fringe benefits;

    j. Pay, retirement plans, or disability leave;

    k. Other terms and conditions of employment.

23. Discriminatory practices under the MHRA can also include:

    a. Harassment on the basis of race, color, religion, national origin, ancestry, sex, disability, or age;

    b. Retaliating against an individual for filing a complaint of discrimination, participating in an investigation or hearing, or opposing discriminatory practices;

    c. Denying employment opportunities to a person because of marriage to, or association with, an individual of a particular race, religion, national origin, or an individual with a disability;

    d. Asking certain pre-employment questions. Learn more about questions that are appropriate and lawful to ask during job interviews or on job applications at Pre-Employment Questions.

24. Racial discrimination can occur when:

    a. An employer discriminates against an employee on the basis of their race or color during any type of employment decision in any way.

    b. An employer who pays one employee more than another employee of a different race, who is in the same position with comparable experience.

    c. An employer who exhibits harassing behavior, such as racial slurs or making other derogatory comments about the employee's race or skin color.

25. Plaintiff Thomas is an Asian minority and was, during all relevant times aforementioned in this petition, was the only minority female employee for the Pediatrics department of Winco Window Company.

26. Plaintiff Thomas was discriminated against in that Defendant Winco Window Company had:

    a. Failed to conduct measures in the prevention of Jesse Barton's hostility and his racial and derogatory remarks toward Plaintiff's.

    b. Denied Plaintiff's requests for certain benefits, while granting those for other employees (including those in a comparable position as Plaintiff).

    c. Demoting Plaintiff into a janitorial role, in retaliation of him filing his complaint of discrimination.

    d. Promoting and facilitating a toxic work culture that discriminates against minorities through various means and neglects concern for their mental and physical health.

27. Plaintiff Thomas suffered damages as a result of this discriminatory conduct. Additionally, Plaintiff Thomas suffered wage loss, severe emotional distress, and a long period of unemployment.

28. Defendant Winco Window Company's conduct in terminating Plaintiff due to his race, national origin, and gender was willful and harmed Plaintiff without just cause.

WHEREFORE Plaintiff Thomas requests humbly that the Court enter judgement in his favor, and set the case for trial by jury to assess damages arising from the discriminatory conduct of Defendant Winco Window Company, attorneys fees, punitive damages, and for any other relief as may be just and proper under the circumstances.

Respectfully submitted,

**OTT LAW FIRM**

*/s/ Joe Ott*

_____
Joseph A. Ott, #67889
Mark E. Blankenship Jr. #73123
3407 S. Jefferson Ave Ste 508
St. Louis, MO 63118
Telephone:  (314) 293-3756

Electronically Filed - St Louis County - December 14, 2021 - 05:31 PM

Facsimile:   (314) 228-0021
*Attorneys for Plaintiff*