### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| CLYDE THOMAS JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00103-SRW |
| | ) |
| BMS HOLDINGS, INC. | ) |
| d/b/a WINCO WINDOW COMPANY, | ) |
| | ) |
| Defendant. | ) |

### APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Plaintiff Clyde Thomas ("Plaintiff"), by and through his undersigned attorney, submits the following in support of his Application for Writ of Habeas Corpus Ad Testificandum:

Plaintiff is presently incarcerated in the Bell County, Texas Jail located at 2405 S. Loop 121, Belton, Texas 76513. His inmate number there is 1300700.

Counsel for Plaintiff has attempted to get permission from Bell County Jail to allow Plaintiff Thomas to be produced for deposition a number of times via Zoom or another equivalent video chat service a number of times. Counsel has further requested that Plaintiff be allowed to communicate using the SmartJail Email system with Counsel for Plaintiff. However, Bell County Jail has refused to allow the same.

Plaintiff therefore requests the Court issue a Writ of Habeas Corpus Ad Testificandum, commanding the warden of the Bell County Jail to allow Plaintiff Thomas reasonable accommodations to be able to testify via videoconference, to communicate with undersigned counsel via email, and to take reasonable measures to allow Plaintiff to prepare for testifying and for trial. This includes but is not limited to allowing Plaintiff Thomas sufficient time to prepare

1

for testimony including with access to undersigned counsel, as well as uninterrupted time to testify via videochat without any witnesses in hearing range except guards.

## Applicable Law

The granting of a writ is in the sound discretion of the trial court. *U.S. v. Goldenstein*, 456 F.2d 1006, 1012 (8th Cir. 1972). Factors courts have considered in deciding to issue a writ include if the prisoner's physical presence will contribute significantly to a fair adjudication of the claims, the costs and inconvenience of transporting a prisoner, and potential danger to the court. *Holt v. Pitts*, 619 F.2d 558, 561 (6 Cir. 1980); *see Goldstein*, 465 F.2d at 1012 (denying a writ of habeas corpus ad testificandum for James Earl Ray to testify at his brother's robbery trial due to the substantial security risk to Ray, the danger of escape, and the lack of materiality of Ray's testimony); *see also Bistram v. U.S.*, 248 F.2d 343, 347 (8 Cir. 1957) (denying a writ of habeas ad corpus ad testificandum due to the expense of producing the witness and the availability of alternative forms of testimony) *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09CV01252 ERW, at *1 (E.D. Mo. Jan. 14, 2015)(granting Plaintiff's Application for Writ of Habeas Corpus Ad Testificandum).

In this case at present, Plaintiff requests that the Court enter a writ ordering that the Bell County Jail allow Plaintiff to be produced to testify via zoom for his deposition. There is little cost to the state for allowing the same, because Plaintiff is already located at the jail and the jail has the capability to allow such testimony. Further, because Plaintiff will not be leaving the jail, there is no possibility of his escape. Finally, Plaintiff's testimony is highly material to the outcome in this case because without such testimony, there is little way to investigate the happenings, claims and defenses giving rise to the claim. All of the evidence for the case is based

upon eye witness testimony and personal recollection, and there is no substitute for hearing what Plaintiff has to say occurred.

    WHEREFORE Plaintiff requests that the Court enter an Order directing the Bell County Jail warden to allow Plaintiff Clyde Thomas Jr. to testify via zoom, to allow Plaintiff Clyde Thomas Jr. to communicate with counsel for Plaintiff Joseph Ott via email, and to allow Plaintiff Clyde Thomas Jr. to participate in a three hour video chat with counsel for Plaintiff in advance of his testimony.

    Respectfully submitted,

    **OTT LAW FIRM**

    */s/ Joseph Ott*
    _____
    Joseph A. Ott, #67889
    Mark E. Blankenship Jr. #73123
    3544 Oxford Avenue
    Maplewood, MO 63143
    Telephone:  (314) 293-3756
    Facsimile:   (314) 689-0080
    *Attorneys for Plaintiff*